[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13647

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STEVEN VERDESOTO PERALTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20014-RAR-1

_____

Before Wilson, Lagoa, and Marcus, Circuit Judges.

PER CURIAM:

Steven Verdesoto Peralta appeals his sentence of 63 months' incarceration to be followed by 15 years' supervised release, imposed upon his guilty plea and conviction for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On appeal, Peralta argues that: (1) the district court procedurally erred when it relied on the commentary to the Sentencing Guidelines to find that he possessed 161 images of child pornography and applied a corresponding 3-level increase to his offense level, pursuant to U.S.S.G. § 2G2.2(b)(7)(B) of the Guidelines; and (2) the district court plainly erred by imposing special conditions of his supervised release that prohibit him from possessing or using a modem or computer without prior court approval, which Peralta argues unconstitutionally abridge his First Amendment rights. After thorough review, we affirm.

**I.**

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotations omitted). We review legal issues *de novo* and factual findings for clear error. *United States v. Isaac*, 987 F.3d 980, 990 (11th Cir. 2021). A district court's interpretation and application of the Guidelines are reviewed *de novo*. *United States v. Tejas*, 868 F.3d 1242, 1244 (11th Cir. 2017) (*per curiam*).

We ordinarily review the imposition of special conditions of supervised release for abuse of discretion. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). But if a defendant "fails to clearly state the grounds for an objection in the district court . . . he waives the objection on appeal" and we review for plain error. *Id.* To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

"[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority," like when he "simply stat[es] that an issue exists, without further argument or discussion." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotations omitted). A holding by a prior panel of this Court is binding on all subsequent panels "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*." *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) (quotations omitted).

## II.

First, we are unpersuaded by Peralta's claim that the district court procedurally erred when it found that he possessed 161 images of child pornography and applied a corresponding 3-level increase to his offense level. In reviewing a sentence for procedural

reasonableness, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" *Pugh*, 515 F.3d at 1190 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).[1] The party challenging a sentence bears the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Section 2G2.2(b)(7) of the Guidelines provides for a 2-to-5 level increase based on the number of images involved in an offense, including a 3-level increase when it involved "at least 150 images, but fewer than 300." U.S.S.G. § 2G2.2(b)(7)(B). The commentary says that "[e]ach video, video-clip, movie, or similar visual depiction shall be considered to have 75 images." U.S.S.G.

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

§ 2G2.2(b)(7) cmt. n.6(B)(ii).  We've held that a court should not defer to the Guidelines commentary unless the text of the Guidelines is "genuinely ambiguous."  *United States v. Dupree*, 57 F.4th 1269, 1274–78 (11th Cir. 2023) (*en banc*) (quotations omitted).

Here, the district court did not err when it relied on the commentary to § 2G2.2 to calculate that Peralta possessed 161 images of child pornography -- based on 11 still photos and two videos -- warranting a 3-level increase under § 2G2.2(b)(7)(B).  For starters, the text of the Guideline is genuinely ambiguous.  *See id.* at 1975; *see also United States v. Phillips*, 54 F.4th 374, 384 (6th Cir. 2022) (persuasive authority) (holding that "determining the number of images in a video," as required by § 2G2.2(b)(7)(B), "is the kind of genuinely ambiguous exercise that the Commission was entitled to address in commentary").  Among other things, the Guideline does not define "images," nor does it distinguish between a still image and a video comprised of a series of images, nor does it resolve how a video containing a sequence of images should be tallied.  *Phillips*, 54 F.4th at 380–84.  Further, the statutes that Congress relies on to define "images" list various image formats but still fail to indicate how each format should be tallied.  *Id*.  Thus, as the Sixth Circuit has concluded, after considering "the structure, history, and purpose of the Guideline," "[t]he term 'image,' . . . when used in the context of the image table, is ambiguous when it comes to determining the number of images in a video."  *Id*. at 383–84.

Because we agree that the term "image" in U.S.S.G. § 2G2.2(b)(7) is genuinely ambiguous, the district court did not err in

looking to the commentary for guidance. *See Dupree*, 57 F.4th at 1275–77. In the commentary, as we've noted, the Commission advised that "[e]ach video, video-clip, movie, or similar visual depiction shall be considered to have 75 images." U.S.S.G. § 2G2.2(b)(7) cmt. n.6(B)(ii). And, as the Sixth Circuit has explained, this 75:1 ratio incorporates: (1) the fact that videos contain multiple images; (2) the image table's purpose of tying offense levels to the number of images; and (3) Congress's choice to create four different tiers of punishment, based on a scale of 10 to 600 images. *Phillips*, 54 F.4th at 385. With this in mind, we cannot say that the 75:1 ratio laid out in the commentary is outside the range of reasonable interpretation, nor that there is any other reason not to defer to it. Therefore, we conclude that the district court did not err in relying on the commentary to calculate the number of images attributable to Peralta to be 161 images, nor in applying a 3-level increase under § 2G2.2(b)(7) for possession of between 150–300 images of child pornography.[2]

---

[2] Peralta suggests that we should stay the case pending the outcome of *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), in which, Peralta says, the Supreme Court was "considering overruling the *Kisor* test for deference." "*Kisor* deference" formed the basis of our conclusion in *Dupree* -- that we should defer to the Sentencing Guidelines commentary when a Guideline is "genuinely ambiguous," 57 F.4th at 1275 (quoting *Kisor v. Wilkie*, 588 U.S. 558, 574 (2019)) -- and controls our decision in this case. The Supreme Court has now decided *Loper Bright*, and Peralta has not made any filing arguing that the Supreme Court in fact decided to overrule *Kisor*, so we need not resolve the issue. *Sapuppo*, 739 F.3d at 681. It's worth noting, however, that while the Supreme Court mentioned *Kisor* several times in *Loper Bright*, it never said it had overruled it, which is unsurprising since the two cases involve different types of

## II.

We also are unconvinced by Peralta's argument that the district court plainly erred in imposing special conditions of his supervised release that prohibit him from possessing or using a modem or computer without prior court approval.  We've squarely held, in previous sex offender cases, that "[a] district court does not commit plain error by imposing a computer restriction as a special condition of supervised release, even if the term of supervised release is life." *United States v. Bobal*, 981 F.3d 971, 976 (11th Cir. 2020) (collecting cases).  These kinds of restrictions are reasonably related to legitimate sentencing considerations, including the need to protect the public from potential abuses of the internet. *Id.* at 977.  Thus, we've said, a restriction on computer access without prior court approval, when imposed as a special condition of supervised release for a sex offender serving a sentence for an offense involving his use of a computer, does not violate the First Amendment when it: (1) does not extend beyond the term of an offender's sentence, (2) does not apply across-the-board to all registered sex offenders, and (3) is not a complete bar to the offender's First Amendment rights, since it not only allows for computer usage with prior court

---

deference -- *Loper Bright* addressed agency interpretation of statutes, whereas *Kisor* involved agency interpretation of its own regulations.  *See United States v. Boler*, 115 F.4th 316, 322 n.4 (4th Cir. 2024) (persuasive authority) ("Since *Loper Bright* dealt specifically with ambiguities in statutory directives to agencies and did not address the issue of agency interpretations of their own regulations, we will apply the Supreme Court's recent guidance in *Kisor* to address the issue before us today.").

approval, but also is subject to potential modification by the district court at the offender's request under 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1(c). *Id.* at 977.

Here, Peralta's special condition of supervised release -- which includes a prohibition barring him from "possess[ing] or us[ing] a computer that contains an internal, external or wireless modem without the prior approval of the Court" -- is not unconstitutional because it was imposed upon his conviction of a sex offense involving his use of a computer. *See id.* Indeed, the condition imposed on Peralta is virtually identical to the condition we affirmed in *Bobal*, which prohibited Bobal from "possess[ing] or us[ing] a computer that contains an internal, external or wireless modem without the prior approval of the Court." *See id.* at 975. Because Peralta's argument is foreclosed by precedent, the district court did not err, much less plainly err in imposing this restriction on him, and we affirm. *Dubois*, 94 F.4th at 1293.

**AFFIRMED.**